

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Wm. J. Tucker
Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. 0-5845
Re: Clarification of Article
929 and Section 1e of
Article 941, Penal Code,
concerning the sale of
certain fish without sev-
ering the head from the
body.

We have carefully considered your request of this department for an opinion upon the captioned subject.

Article 929, Penal Code, provides:

"It shall be unlawful for any person to sell, or offer for sale, or to have in his possession, or to have on board any boat or to have in any mercantile business establishment, or in any market where merchandise is disposed of, any redfish, or channel bass of greater length than thirty-two inches, or less than fourteen inches; any salt water or speckled sea trout of less length than twelve inches; any sheephead of less than nine inches in length; any flounder of less than twelve inches in length; any pompano of less than nine inches in length; any mackerel of less than fourteen inches in length, and any salt water gaff-topsail of less than eleven inches in length.

"The place of sale or offering for sale or possession shall, for the purpose of this chapter to establish venue, be either the place from which such fish are shipped, or where the fish are found, or offered for sale. It shall be unlawful in selling or offering for sale any fish mentioned in this

Honorable Wm. J. Tucker, page 2

article to sever the head from the body, except
in case of the redfish and catfish in which case
the head shall only be severed through the gill-
cavity and the gill-fins shall remain on the body
of such redfish or catfish.  Such headless body of
a redfish shall not measure more than twenty-seven
inches in length, and such headless body of a cat-
fish shall not measure less than eight inches in
length; and all fish marketed or sold as mentioned
in this article, must be weighed and sold with the
head attached, except redfish and catfish as men-
tioned herein.

"Any person violating any of the provisions
of this article shall be deemed guilty of a mis-
demeanor and upon conviction shall be fined a sum
not less than ten ($10.00) dollars nor more than
fifty ($50.00) dollars."

Section le of Article 941, Penal Code, reads as fol-
lows:

"Provided, that it shall be unlawful for any
person to take, or have in his possession in this
State, any speckled sea trout of less length than
twelve inches, any red fish of less length than
twelve inches, or of greater length than thirty-
two inches, or any drum of less length than eight
inches or greater length than twenty inches, any
flounder of less than twelve inches, or any sheep-
head of less length than eight inches.  (As amended
Acts 1929, 41st Leg., p. 269, ch. 119; Acts 1930,
41st Leg., 5th C.S., p. 130, ch. 13, § 1.)"

We will first consider that portion of your request
which reads:

"Section lg of Article 941 provides that all
conflicting laws are repealed.  Does such repeal
in any way affect Article 929?  If so, in what par-
ticulars?  You will note that Section le of Article
941 provides a size limit for drum, whereas, Arti-
cle 929 does not mention drum.  It is likewise true
that Section le of Article 941 does not mention
gaff-topsail catfish.  Many fish dealers in this

Honorable Wm. J. Tucker, page 3

State have believed that Section 1e gave them a right to cut up fish, commonly called filleting fish, and have such filleted fish for sale in their place of business so long as the fish, before being dressed and filleted, met the prescribed size restrictions. If Article 929 prohibits the filleting of fish mentioned in said Article, does either Article 929 or Article 941 prohibit the filleting of drum?"

It is a settled principal of law that the last expression of the law-makers will be given effect. That an Act that is later in point of time controls, repeals or supersedes an earlier Act insofar as the two are inconsistent and irreconcilable. 39 Tex. Jur., p. 139. Since Section 1e is a later expression of the Legislature than Article 929, it will therefore control where there is any conflict.

Article 929 provides among other things that it is unlawful to have in one's possession certain species of fish under and over certain prescribed lengths. Section 1e likewise provides that it is unlawful for one to have in his possession certain species of fish under and over certain prescribed measurements. It will be noticed that the prescribed minimum lengths of redfish and sheephead are less in Section 1e than the minimum lengths prescribed in Article 929, and in accordance with the above announced principal of law, the lengths of these fish set forth in Section 1e will control insofar as it is a violation for the possession of these species of marine life for private use.

It will further be noted that Section 1e nowhere provides that it is a violation thereunder for selling fish of certain lengths. Therefore, as to the sale of fish, or having fish in one's possession for sale, the lengths of the fish set forth in Article 929 control.

We further find no reference in Section 1e to the filleting of fish; thus Article 929 prevails and as a consequent thereof it is unlawful to offer for sale or have in one's possession for sale any filleted fish of the species mentioned in that article. Drum is not a type of marine life mentioned

Honorable Wm. J. Tucker, page 4

in Article 929, so it has no application to drum, and such fish, or any other species of fish not mentioned in Article 929 may be filleted.

We next consider that part of your request which reads as follows:

> "It has been contended that the provisions of Article 929, in reference to selling or offering for sale fish mentioned in this Article and prohibiting the severing of the head from the body, refers only to the fish that are mentioned and that are above or below the prescribed minimum or maximum size; and that it does not refer to other fish. For instance, it is contended that it would not be unlawful to sever the head of a speckled sea trout if such trout was more than twelve (12) inches in length. This contention being that Article 929 does not refer to all trout, but only to 'salt water or speckled sea trout of less than twelve (12) inches.' The lawyer, who has raised this question, states that the Article does not apply to certain species of fish, but rather to certain sizes of fish of certain species. We should like to have your opinion as to the validity of this gentleman's interpretation of Article 929, Penal Code, 1925."

It is our opinion there is no merit in the argument presented in the above quotation. Such an argument would be to presume that the Legislature enacted a useless or meaningless provision, for it would be declaring unlawful the severing the head of a fish which is unlawful to catch in the first place.

We trust the foregoing fully answers your inquiries.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Robert O. Koch_
Robert O. Koch
Assistant

ROK:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN